## FIRST DISTRICT COURT OF JERSEY CITY.

### DANIEL FOX v. FRUSTANO CARDONE.

Replevin—Motor Vehicles—Garage Keeper's Lien—Plaintiff in Replevin, Purchaser of Car at Execution Sale—Garage Keeper Had Let Car Out of Possession, but Constable at Levy Inadvertently Put Car in Lien Holder's Garage—The Garage Keeper's Lien is a Creature of Statute, Dependent Upon Possession—He May Repossess the Car at Any Time When He May do so Without Breach of the Peace—There is no Analogy Here to Title of Subsequent Innocent Purchaser For Value Without Notice.

CARRICK, J. The plaintiff, purchaser at an execution sale, has replevied a Flint touring car, as formerly the property of one Scala, the execution debtor. When the writ was executed the car was in the possession of the defendant, Cardone, claiming the same under the statutory lien against Scala given a garage keeper. *Pamph. L.* 1915, *p.* 556. Prior to the recovery by the plaintiff of the judgment under which he claims title, Cardone had acquired a garage keeper's lien for work done upon the car, but had let the car go out of his possession in August, 1926. The plaintiff's execution was levied, and the car taken by the constable, inadvertently, into Cardone's garage. The constable, knowing nothing of the garage keeper's claim, until after levy, made sale under his execution. Cardone held the car under his garage keeper's lien. When the defendant refused possession, plaintiff sued out his writ of replevin, and now holds the car. The question is as to the respective rights of the purchaser under the execution sale, and the holder of the garage keeper's lien.

This lien is the creature of statute. Unlike common law liens upon personal property, it does not depend exclusively upon work done upon the car, but is extended to a claim for storage and various supplies furnished. Nor is its existence dependent upon possession. The statute expressly preserves the lien, although the lienor may have parted with

possession, and enables him to repossess the car at any time, when he may do so without breach of the peace, for the purpose of effectuating his lien by sale. Prior to the amendment of 1925 (*Pamph. L.* 1925, *p.* 96), it overrode a prior recorded chattel mortgage or a prior conditional sale. See *Cattell* v. *Rehrer,* 94 *N. J. Eq.* 292, where Vice Chancellor Leaming discusses the peculiar nature of this lien and distinguishes it from common law liens. It is true that the Court of Errors and Appeals in the case of *Lanterman* v. *Luby,* 96 *N. J. L.* 255, saves from the operation of this lien the title of a subsequent innocent purchaser for value without notice. Such title, however, seems to be the only exception to the effectiveness of the garage keeper's lien prior to the amendment of 1925. See, also, *Hare* v. *Gassner,* 4 *N. J. Adv. R.* 1079.

It is sought here by the plaintiff to sustain his claim as against the garage keeper's lien by analogy to the title of a subsequent innocent purchaser for value without notice. There is, however, no real analogy. The execution creditor at law takes only the title which his debtor possesses. By the express terms of the statute the car in the possession of Scala continued to be subject to the garage keeper's lien, and Scala's creditor, who takes under the execution sale against him, stands in his shoes. I know of no principle or authority by which the purchaser at an execution sale on a judgment at law acquires any rights in the property levied upon superior to those of the judgment debtor at the time when the judgment was obtained.

The result is that the plaintiff cannot prevail in his replevin action. Let judgment be entered for the defendant.